UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY GRANADOS,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY COUNTY JAIL,<br><br>Defendant. | Case No. 23-cv-01504-JSW<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California parolee proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## ANALYSIS

A.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.   LEGAL CLAIMS**

Plaintiff claims that while he was detained at Monterey County Jail for a resentencing hearing, jail officials placed him in solitary confinement without due process where he was on "lockdown" 23 to 24 hours per day, had no light in the cell, had no contact with others, and received no treatment for his diagnosed anxiety and depression. He alleges that officials kept him there for approximately three months (from June 2022 to September 13, 2022) and that despite his repeated complaints, the conditions did not change. He further alleges that he was ordered released on August 28, 2022, but jail officials did not release him for 16 more days. He alleges that following his release he was diagnosed with a cognitive disorder that he did not have prior to arriving at the jail.

These allegations, when liberally construed, would state a proper claim for the violation of his Eighth Amendment rights if he named a proper Defendant. Plaintiff states that he is suing officials at the jail, but he does not name any such officials as Defendants. The only Defendant he names is the Monterey County Jail, which is simply a physical structure and not an entity that can be sued.

If Plaintiff wants to sue the government entity that is responsible for the policies and practices at the jail, he must name the County of Monterey or other government entity that runs or is responsible for the jail as a Defendant or Defendants. He must also make allegations that, if true, show that such entities are be liable under Section 1983. Local governments are subject to liability under Section 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). A city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat

superior. *Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff will be granted leave to file an amended complaint to name any government entity he wishes to sue as a Defendant, and if he does so, he must allege that the violations he suffered were caused by a policy, practice, or custom of the government entity.

Plaintiff may also name individual jail officials as Defendants in his amended complaint. To properly state a claim against any individual official, he must allege how each individual was involved in violating his rights by alleging what each individual did or failed to do that caused him to suffer the jail conditions he alleges (i.e. the conditions in solitary confinement, the lack of due process, the lack of medical care, the detention past his release date, etc.).

## CONCLUSION

1. The complaint is DISMISSED with leave to amend.

2. Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 23-1504 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he

3

may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 18, 2023

_____
JEFFREY S. WHITE
United States District Judge